IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEONARD JOHNSON<br>(Tarrant # 0534333)<br>Previous TDCJ ID Nos.768664,<br>1272550, and 1413055,[1] | § § § § § | |
| VS. | § | CIVIL NO.4:15-CV-787-O (BJ) |
| DAVID WALKER | § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER
(With special instructions to the Clerk of Court)

In this case, Tarrant County Jail inmate/plaintiff Leonard Johnson filed a new civil case, now accompanied by a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Leonard Johnson is the plaintiff. He has named as defendant David Walker.

C. LEGAL ANALYSIS

---

[1] Plaintiff has also filed suits under these other TDCJ identification numbers. The Clerk of Court is directed to add this information on the docket.

Although plaintiff Leonard Johnson has filed a motion for leave to proceed in forma pauperis, Court records reveal, as a result of previously filing suits with claims deemed frivolous or for failure to state a claim upon which relief may be granted, he is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury.[2] Johnson obtained the qualifying dismissals in the United States District Court for the Northern District of Texas. Those dismissals include: *Johnson v. Aycock, et al.*, No.2:10-CV-0216-J (N.D. Tex. November 1, 2010); *Johnson v. Vandagriff, et al.*, No.1:10-CV-200-C (N.D. Tex. September 8, 2010); and *Johnson v. Halstead, et al.*, No.4:09-CV-694-A (N.D. Tex. Feb. 18, 2010). A district court's partial dismissal of a complaint as frivolous, malicious, or for failure to state a claim "counts as a strike under 28 U.S.C. § 1915(g)." *Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013) (citing *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)).

Because Johnson has three qualifying dismissals under 28 U.S.C. 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But Johnson has not set forth grounds for leave to

---

[2] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

2

file in compliance with 28 U.S.C. § 1915(g); that is, Johnson does not claim that he is "under imminent danger of serious physical injury." Thus, the undersigned finds that Leonard Johnson is not entitled to proceed *in forma pauperis* in this action and, if he wishes to proceed with this suit, he must pay a full filing fee.

## RECOMMENDATION

It is therefore RECOMMENDED that Leonard Johnson's (Tarrant No. 0534222) should not be allowed to proceed in forma pauperis in this action and that the motion to proceed in forma pauperis be DENIED by the district judge. It is further RECOMMENDED that the district judge inform plaintiff Johnson that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless he pays to the clerk of Court the filing and administrative fees of $400.00[3] within seven (7) days after the district judge's order.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is

---

[3] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 16, 2015. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until December 16, 2015 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge,

be and is hereby, returned to the docket of the United States District Judge.

SIGNED November 25, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE